```
               UNITED STATES BANKRUPTCY COURT
                 SOUTHERN DISTRICT OF IOWA
```

In Re:                                    Case No. 11-01971
PATRICK RON COHRS,                            (Chapter 13)
DOROTHY SUZANNE COHRS,
      Debtors.                            **CHAPTER 13 PLAN**

**PAYMENTS**
The Debtors submit to the Standing Chapter 13 Trustee all projected disposable income to be received within the first 5 years of the plan as follows:

    A. Monthly Payment                          $837.00
    B. Number of Payments                            60
    C. Base Amount (A X B):                  $50,220.00

Debtors will submit net tax refunds, if any, for the remainder of the Plan's duration.

**ORDER OF PAYMENT OF CLAIMS**
Trustee fees shall be deducted from each payment made by the debtors to the Trustee. Claims shall be paid in the following order: Debtors' attorney fees, secured claims, priority claims, co-signed consumer debts, general unsecured claims. Claims within each class shall be paid prorata.

**TREATMENT OF CLAIMS**

**ADMINISTRATIVE AND PRIORITY CLAIMS**
All claims entitled to priority under 11 U.S.C. 507 shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim. 11 U.S.C. 1322(a)(2). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows.
Trustee fees shall be deducted from each payment made by the Debtors to the Trustee.

The Debtors' Attorney will apply separately for Court approval of fees, and any approval thereof will be the subject of a separate order. Fees and cost allowed shall accrue from the month in which the case was filed. Attorney Fees shall commence with the first distribution following confirmation of the plan.

    Priority Taxes:  Federal:       State:          Total
                     $0.00          $0.00           $0.00

                              1

**SECURED CLAIMS**

**Home Mortgage**

Creditor: **US BANK HOME MORTGAGE**
Property: Homestead
Claim: $44,573.20
Fair Market Value: $97,551.00

The mortgage on the homestead is current and shall continue to be paid directly to the lender.

Creditor: **US BANK**
Property: Homestead
Claim: $42,937.44
Fair Market Value: $97,551.00

The mortgage on the homestead is current and shall continue to be paid directly to the lender.

**Other Secured Debts**

Creditor: **UNITED CREDIT UNION**
Property: 1999 Ford F250
Claim: $ 3,111.00
Fair Market Value: $ 2,500.00

| Post Confirmation Interest Rate | Pre-confirmation Interest Rate | Dollar limit if any on pre-Confirmed Interest | Total Amount: |
|---|---|---|---|
| 5.25% | | | $2,568.79 |

This claim will be bifurcated into secured and unsecured portions.  The value will be treated as a secured claim and paid through the Plan together with simple interest at the rate of 5.25% per annum.  The balance of this claim will be treated as a general unsecured claim and treated as provided below in this Plan.

**Co-signed Unsecured Debts** - NONE

**Lien Avoidance** - NONE

**Surrender of Property** - NONE

**Executory Contracts** - NONE

2

**Unsecured Claims**
Other allowed unsecured claims shall be paid prorata with all remaining funds.

**Additional Provisions**

The Debtor asserts that this Plan is submitted in good faith and reserves the right to submit amended plans. **Plans can also be modified, pursuant to Bankruptcy Code § 1305(a), to satisfy post petition priority tax claims.** The holder of an allowed secured claim shall retain its lien until the earlier of the payment of the underlying debt determined under non bankruptcy law or discharge under §1328.

If the case is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non bankruptcy law.

Property of the estate, including the Debtor's current and future income, shall revest in the Debtor at the time of confirmation, and the Debtor has sole right to use and possession of property of the estate during the pendancy of this case.

In order to obtain distributions under the plan, a creditor must file a proof of claim within 90 days after the first date set for Meeting of Creditors. Claims filed after this bar date shall be disallowed except as provided in Bankruptcy Rule 3002.

Dated: May 26, 2011               Patrick Cohrs,
                                  Dorothy Cohrs,
                                  Debtors.


                          By: */s/ Roxanne M. Alhejaj*
                              Roxanne M. Alhejaj,
                              POLLAK & HICKS
                              Attorneys at Law
                              216 Overland Wolf Centre
                              6910 Pacific Street
                              Omaha, NE  68106
                              402.345.1717

PROOF OF SERVICE

The undersigned hereby certifies that on May 26, 2011 a true and correct copy of the CHAPTER 13 PLAN, was electronically filed with the Clerk of the Court, utilizing the CM/ECF system, which sent notice to Albert Warford, the Chapter 13 Trustee, and James Snyder, the US Trustee; and mailed same by First-Class U.S. mail, postage prepaid, to the debtors.

*/s/ Roxanne M. Alhejaj*
Roxanne M. Alhejaj